THE AMERICAN SMELTING AND REFINING COMPANY v. EMERY HOKE.

No. 14,657. (85 Pac. 804.)

DAMAGES — *Injury to Employee — Contributory Negligence — Special Findings and General Verdict Irreconcilable.* In an action by a servant to recover for personal injuries the special findings were said to show contributory negligence by the plaintiff, and as those findings and the general verdict were irreconcilable judgment for the plaintiff was reversed.

Error from Wyandotte district court; J. MCCABE MOORE, judge. Opinion filed June 9, 1906. Reversed.

*Harkless, Crysler & Histed,* and *A. L. Berger,* for plaintiff in error.

*Joseph Taggart,* and *M. J. Reitz,* for defendant in error.

*Per Curiam:* The plaintiff recovered damages for injuries occasioned by the collapse of a wooden runway suspended by iron rods from the ceiling of a building forming a part of the defendant's smelting plant. Originally a runway along the south side of the building and another along the west side of the building met in such a manner as to permit access from one to the other. The runways were built in sections, and a portion of the south section of the west runway had been sawed out to permit the dismantling of some machinery in the plant. Plaintiff was engaged in removing the hand-rails of the west runway when it fell. The only ground of negligence on the part of the defendant submitted to the jury was that a burr beneath a sleeper of the runway was gone from one of the hanging-rods. The jury returned a general verdict in favor of the plaintiff.

The defendant charged the plaintiff in general terms with contributory negligence. This question the court submitted to the jury in the following broad instruction:

"It was the duty of the plaintiff to exercise all reasonable and ordinary care to avoid injury to himself and to guard himself from any and all danger of injury from any cause of which he had notice or could have known by the exercise of reasonable care and prudence on his part; and, if he failed in this respect and was injured thereby, then he cannot recover for any injuries so received by him."

Special findings were returned as follow:

"(1) Ques. What was the south end of the west runway fastened to? Ans. Six by six timber bolted to wall of engine-room.

"(2) Q. How far north of the south runway was the first set of hanging-rods on the west runway? A. Sixteen feet.

"(3) Q. State whether a portion of the first section of the west runway north of the south runway had been sawed out. A. Yes.

"(4) Q. About what length of the section referred

to in question No. 3 was left standing after the portion was cut out?  A.  About nine feet.

"(5)  Q.  How long before this accident was the south end of the west runway cut out?  A.  Ten days or two weeks.

"(6)  Q.  What support remained to sustain that portion of the first section of the runway not cut out? A.  Uprights, braces and hand-rails.

"(7)  Q.  State if the section of the runway fell when Hoke first went upon it and tested it.  A.  No.

"(8)  Q.  State if Hoke pried both of the rails loose before the section of the runway fell.  A.  Pried one loose and was prying the second loose when he fell.

"(9)  Q.  State if it was the remainder of the section of the west runway between the hanging-rods and south runway which had not been sawed out that fell. A.  Yes.

"(10)  Q.  Did the section on the west runway north of the first pair of hanging-rods from the south, or any portion of said section, fall?  A.  No.

"(11)  Q.  Was plaintiff standing on the portion of the runway that fell just prior to its falling?  A.  Yes."

These findings show that the first pair of hanging-rods was nine feet north of the sawed end of the section which fell, and upon which plaintiff was standing when it fell; that the only support of that part of the runway was its own uprights and the hand-rails which the plaintiff undertook to remove; and that the part of the runway north of the first pair of hanging-rods did not fall.  While the general verdict finds that by the negligence of the defendant the burr in question was gone, the special findings exhibit a conspicuous danger in going upon the unsupported end of the mutilated platform and removing one of its sustaining parts, even if the burr had been in place.  Contributory negligence of this kind was covered by the instruction quoted. The special findings cannot be reconciled with the general verdict and under the statute they are controlling.

The judgment is reversed and the cause remanded, with instruction to enter judgment in favor of the defendant for costs.